**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHARLES CHRISTOPHER ROWE,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

    Defendant.

Civil Action No. 25-2827-TDC

**MEMORANDUM ORDER**

Self-represented Plaintiff Charles Christopher Rowe has filed this civil action against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in which he alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and its implementing regulations. Wells Fargo has filed a Motion to Dismiss the Amended Complaint, which is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

**BACKGROUND**

The following relevant facts alleged in the operative Amended Complaint are accepted as true for purposes of resolving the Motion. On June 10, 2025, Wells Fargo issued a foreclosure notice in relation to a residential property in Fort Washington, Maryland which Rowe and his brother had inherited from their deceased parents. On June 26, 2025, Rowe sent to Wells Fargo a letter entitled "Notice of Dispute, Qualified Written Request, and Demand to Cease Foreclosure" ("the Notice") in which he disputed the validity of the foreclosure notice and demanded that Wells Fargo cease pursuing a foreclosure. Notice at 1, Compl. Ex. A, ECF No. 3-1. In the portion of

the Notice labeled "Formal Qualified Written Request," Rowe demanded the production of the deed of trust, promissory note, and other loan origination documents, as well as documents relevant to an investigation into predatory lending and elder abuse, including records of fees and interest and an "[e]lder suitability evaluation." *Id.* at 2–3. In the portion of the Notice labeled "Notice of Error," Rowe stated that several "servicing errors require correction," including the service of the foreclosure notice on deceased persons, the omission of the deed of trust from the foreclosure notice, the existence of a "predatory lending structure," and "age-based financial abuse." *Id.* at 4.

According to the Amended Complaint, Wells Fargo failed to respond to the Notice by providing "documentation identifying the deed of trust or establishing its authority to collect or enforce the alleged debt," in violation of its duty to respond under RESPA. Am. Compl. ¶ 8, ECF No. 13. Rowe also asserts that Wells Fargo may not proceed with a foreclosure because it has continued to accept mortgage payments without fulfilling its obligation to respond to the Notice.

Rowe filed the original Complaint in this case in the Circuit Court for Prince George's County, Maryland, and Wells Fargo removed the case to this Court. In the operative Amended Complaint, Rowe asserts two claims in the following numbered counts: (1) a claim for a declaratory judgment determining that Wells Fargo violated RESPA and thus may not proceed with a foreclosure; and (2) a claim for injunctive relief prohibiting Wells Fargo from proceeding with a foreclosure while in violation of RESPA. In addition to this relief, Rowe seeks $2,000 in statutory damages and an unspecified amount in actual damages and costs.

## DISCUSSION

Wells Fargo seeks dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

2

claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Wells Fargo first seeks dismissal because Rowe's claims for a declaratory judgment and injunctive relief in Counts 1 and 2, respectively, do not assert independent causes of action. Wells Fargo is correct that a declaratory judgment and injunctive relief are "forms of relief," not freestanding claims, and that they may be granted only if there is otherwise "a valid cause of action." *Univ. Gardens Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006). In discussing Counts 1 and 2, Rowe does not clearly identify any specific causes of action underlying those requested forms of relief. The Amended Complaint, however, begins with the statement that the present action was initiated "to address Defendant Wells Fargo Bank, N.A.'s intentional and ongoing violations of [RESPA], 12 U.S.C. § 2605, and Regulation X, 12 C.F.R. Part 1024." Am. Compl. ¶ 1, ECF No. 13. The Court therefore can and will construe the Amended Complaint as asserting violations of RESPA and its implementing regulations based on Wells Fargo's alleged failure to respond to the Notice in a timely manner.

RESPA provides that a "servicer of a federally related mortgage shall not . . . fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of

3

payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C). Rowe alleges a violation of the RESPA provision stating that "after the receipt from any borrower of any qualified written request . . . the servicer shall . . . after conducting an investigation, provide the borrower with a written explanation or clarification" with specified information. *Id.* § 2605(e)(2)(B).

Wells Fargo seeks dismissal of any RESPA claim on the grounds that the Notice did not constitute either a qualified written request ("QWR") or a notice of error ("NOE") that triggered a legal duty to respond under RESPA and its implementing regulations known as Regulation X. A QWR is "a written correspondence" that "includes, or otherwise enables the servicer to identify, the name and account of the borrower," and also "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B); *see* 12 C.F.R. § 1024.36(a). A QWR that "asserts an error relating to the servicing of a mortgage loan" is an NOE. 12 C.F.R. § 1024.35(a). If a QWR seeks "information relating to the servicing of [a] loan," then the loan servicer must respond to the QWR within 30 days. 12 U.S.C. § 2605(e)(1)(A), (2). Similarly, if an NOE asserts a "covered error," including an "error relating to the servicing of a borrower's mortgage loan," then the loan servicer must respond within 30 days. 12 C.F.R. § 1024.35(b)(11), (e)(3)(i)(C).

RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower . . . and making the payments of principal and interest and such other payments." 12 U.S.C. § 2605(i)(3). The United States Court of Appeals for the Fourth Circuit has held that in relation to RESPA, "'servicing' is limited to 'the receiving or making of loan payments' and is not related to 'the terms of the loan and mortgage documents.'" *Morgan v. Caliber Home Loans, Inc.*,

26 F.4th 643, 651 (4th Cir. 2022) (quoting *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 413 (4th Cir. 2015)). Thus, a letter "challenging the terms of the loan and mortgage documents" or requesting a "modification of those documents" does not relate to servicing and does not trigger the RESPA obligations relating to a QWR or NOE. *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 413–14 (4th Cir. 2015) (quoting *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 (9th Cir. 2012)). Indeed, courts regularly dismiss RESPA claims premised on an alleged failure to respond to a QWR if the request relates to the loan agreement rather than the servicing of the loan. *See, e.g., id.* at 414 (granting summary judgment on a RESPA claim in part because the borrower's request related to the lender's "failure to file a certificate of satisfaction upon satisfaction of the loan" did not relate to servicing, instead related to the terms of the loan, and therefore was not a QWR); *Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 418–19 (D. Md. 2018) (finding that the borrowers' request for "an extensive amount of documents, including the Initial Loan Application and Final Loan Application, a copy of the original promissory note, a copy of the complete loan payment history, all escrow analyses conducted on the account, Truth in Lending Statements and Disclosures, all loan servicing agreements, and appraisals" did not relate to servicing and was therefore not a QWR).

Here, although the Notice identifies the name and account of the borrower and identifies certain errors, the documents demanded in the Notice relate to the origination, structure, and validity of the loan, not to any specific dispute related to the making or receiving of mortgage payments. Specifically, the Notice requests documents including the deed of trust, original promissory note, and chain of title and thus challenges "the transactions and circumstances surrounding a loan's origination," which "would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement" but which do not relate to servicing. *Poindexter,*

792 F.3d at 413–14 (quoting *Medrano*, 704 F.3d at 666–67). Although the Notice also references various grounds to challenge the terms of the mortgage, including the allegations that it was unconscionable and predatory, it is not a QWR or NOE because those assertions relate to "the dispute of contractual issues that do not relate to the servicing of the loan." *Morgan*, 26 F.4th at 647, 651 (dismissing a RESPA claim based in part on the conclusion that a borrower's letter that challenged the lender's denial of her request for a loan modification to allow for lower mortgage payments did not relate to the servicing of her loan and therefore was not a QWR). Thus, because the Notice does not relate to the servicing of the mortgage loan, it did not trigger Wells Fargo's statutory duty to respond to a QWR or NOE within 30 days. Because Rowe has not stated a plausible claim for a violation of RESPA, and the Amended Complaint does not plausibly allege any other cause of action, the Motion will be granted. The Court thus need not and does not address Wells Fargo's additional arguments for dismissal.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Dismiss the Amended Complaint, ECF No. 14, is GRANTED.

2. The Amended Complaint, ECF No. 13, is DISMISSED WITHOUT PREJUDICE.

3. The Clerk shall send a copy of this Order to Rowe and shall close this case.

Date: May 15, 2026

THEODORE D. CHUANG
United States District Judge

6